## SUPREME COURT.

The People *ex rel.* W. BARRON WILLIAMS agt. THE BOARD OF SUPERVISORS OF MONROE COUNTY.

The fee bill in the Revised Statutes, and in the session laws of 1840, must be deemed repealed by the Code, so far as the same relate to the *clerks of courts.*

The clerk's fee of *one dollar*, on every trial, provided by the Code, was obviously intended to pay the clerk for the ordinary miscellaneous services required of him in the progress of the cause, as well as the services rendered in court on the trial, and must embrace the service of *putting the cause on the calendar*, as prescribed by the old fee bill, and the practice of the courts.

The fee of putting a cause on the calendar was never a *county charge.* It was a service rendered in a civil action, and was always claimed and paid for as such. The Code imposes no new duty upon the clerk in this particular.

But the rules of the court (*Rule* 34) require the clerk to *print* the calendar for the general term. This expense is clearly a *county charge.*

*Monroe Special Term, May*, 1857.

MOTION to quash writ of mandamus, and demurrer to return to writ, heard together.

The relator had been clerk of Monroe county, and had sued out and obtained an alternative mandamus, requiring the defendants to audit and allow his claim for making up circuit calendars for three years. The defendants had put in an answer to the writ, to which the relator demurred. The defendants moved to quash the writ, and this motion, and argument on the demurrer came on together, presenting the single question whether the making up of court calendars by the clerk, was a county charge.

O. H. PALMER, *for the relator.*
M. G. WARNER, *for defendants.*

E. DARWIN SMITH, Justice. In the fee bill of the Revised Statutes, clerks of the supreme court, county clerks and other clerks of courts, were allowed for entering every cause

on a calendar for the court, and making a copy thereof for the use of the bar, a fee of twelve and a half cents. This fee was chargeable to the attorney or party requesting the service. In the revised fee bill of 1840, this fee was increased to 25 cents, and so remained till the time of the Code. The Code gives the clerk a fee of one dollar on every trial; for filing a transcript, 6 cents, and entering a judgment 50 cents, and declares that " he shall receive no other fee, for any service whatever, in a civil action, except for copies of papers, at the rate of five cents for every 100 words." This is, undoubtedly, a substitute for the fee bill of 1840, and of the Revised Statutes so far as the latter was in force at the time of the Code, and taken in connection with section 468 of the Code, must be deemed to repeal those fee bills, so far as the same relate to the clerks of courts. This fee of $1, was obviously intended to pay the clerk for the ordinary miscellaneous services required of him, in the progress of the cause, as well as the services rendered in court on the trial, and must, I think, clearly embrace the service of putting the cause on the calendar, as prescribed by the old fee bill and the practice of the courts. The fee for putting a cause on the calendar was never a county charge; it was a service rendered in a civil action, and was always claimed and paid for as such. The Code imposes no new duty upon the clerk in this particular. But the rules of this court (*Rule* 34) require the clerk to print the calendar for the general terms. This is an expense which is clearly a county charge. It is an expense incurred by a county officer in executing the duties of his office, in a case where no specific compensation for such service is provided by law, and comes within subdivision 9, of section 3, title 4, chapter 12, part 1st, of the Revised Statutes. But this suit was not brought to enforce payment of this expense, nor does it appear that the supervisors have refused to pay the same. There must, therefore, be judgment on the demurrer in favor of the defendants, and the writ must be quashed with $10 costs, to abide the event.