## The Mayor, etc., of Niles v. Franklin Muzzy.

*Mayor: Attorney: Employment by city: Services.* Where one who is mayor and councilman has, without collusion or fraud, been employed as an attorney to appear for the city and defend a suit brought against it, there is nothing in his official relations to the city to preclude his recovering the value of the services actually rendered under such employment.

*Submitted on briefs October 22.    Decided November 2.*

Error to Berrien Circuit.

*Edward Bacon,* for plaintiffs in error.

*W. J. Gilbert,* for defendant in error.

MAYOR, ETC., OF NILES *v.* MUZZY.

PER CURIAM:

Muzzy being an attorney and counselor at law and in chancery, and having been elected mayor of Niles, and in virtue of which office he was one of the common council, he was employed under a resolution of the common council to appear and defend the city in a suit in chancery brought against it by one Young in the Federal court at Detroit. In pursuance of such employment he appeared for the city in his professional character and rendered services which the court found to be worth one hundred dollars. The court below gave judgment in his favor for that sum with interest. Having rendered these valuable professional services, it is now objected that he ought not to be paid for them because he was mayor and councilman. There is no question open in regard to their worth to the city, or as to the necessity there was for them. Every such consideration is closed by the finding. Neither his duty as mayor, or as councilman, or as both, included any such service. He was no more required, in consequence of his official position, to employ his time and talents as a counselor at law in conducting a suit brought against the city, than he was to pay the debts of the city out of his own private funds. There may have been, and probably was, substantial reason for thinking his services in the case would be particularly useful to the city, and if such was the case, we see no cause for saying that the city was obliged to forego his professional assistance unless he would give it for nothing. When a case shall be presented showing fraudulent or collusive conduct on the part of one so situated, or between one so situated and other municipal officials, there will be room for different considerations. The finding fairly excludes the existence of any thing of that kind here, and shows that his specific services were sought by the city and given by him; that they were meritorious and actually worth to the city when rendered the sum mentioned.

The judgment must be affirmed, with costs.