## *In re* Conrad, United States Commissioner, etc.

### (*Circuit Court, D. Delaware.* February 16, 1883.)

1. UNITED STATES COMMISSIONERS AND SUPERVISORS—FEES OF—HOW AUDITED AND ALLOWED.

   The act of February 22, 1875, regulating fees, requires that before any bill of costs shall be taxed by any judge or other officer, or any account payable out of the moneys of the United States shall be allowed by any officers of the treasury in favor of clerks, marshals, or district attorneys, the party claiming such account shall render the same, with the vouchers and items thereof, to a *United States circuit or district court,* and in presence of the district attorney or his sworn assistant, whose presence shall be noted on the record, prove in open court, to the satisfaction of the court, by his own oath or that of other persons having knowledge of the facts, to be attached to said account, that the services therein charged *have been actually and necessarily performed as therein stated* * * * and by section 2031, Rev. St., the above provision is extended to accounts of fees of chief supervisors.

2. SAME—PUBLIC OFFICERS IN DUAL CAPACITY.

   Where an act is required to be performed or services to be rendered, and the officer required to perform it necessarily holds *two positions intimately and indispensably connected,* and provision is made by law for the payment of services rendered in each capacity, it is more consonant with the principles of justice and equity that compensation for that service should be made according to the provisions of the statute that applies to it, rather than to deny such remuneration on mere technical grounds.

3. SAME—SUPERVISORS OF ELECTION, FEES OF.

   Section 2031, Rev. St., provides that there shall be allowed to each supervisor of elections who is appointed and performs his duty under the preceding provisions, compensation at the rate of five dollars per day, for each day he is actually on duty not exceeding 10 days. The chief supervisor is included under the provisions of this section.

4. SAME.

   Fees for drafting and furnishing certain papers, and the rate per folio or otherwise at which public officers are allowed to charge therefor, are provided for under section 828, Rev. St.

*Henry C. Conrad,* for himself.

*John C. Patterson,* Dist. Atty., *contra.*

BRADFORD, J. The following charges of said commissioners and supervisors having been previously disallowed by the first comptroller's office, treasury department, under date of December 28, 1882, as unauthorized by law, are now reclaimed and again objected to, viz.:

(1) For drafting recommendations to the court for appointment of supervisors of election, at 15 cents a folio; (2) for drafting oaths of office and furnishing same to supervisors of election for qualification, at 15 cents a folio; (3) for drafting oaths of office and furnishing same to special deputy marshals

for qualification, at 15 cents a folio; (4) for drafting instructions to supervisors of election, at 15 cents a folio; (5) for necessary attendance before United States circuit courts, at five dollars a day.

The act of February 22, 1875, regulating fees, etc., requires that "before any bill of costs shall be taxed by any judge or other officer, or any account payable out of the moneys of the United States shall be allowed by any officer of the treasury in favor of clerks, marshals, or district attorneys, the party claiming such account shall render the same, with vouchers and items thereof, to a United States circuit or district court, and in presence of the district attorney or his sworn assistant, whose presence shall be noted on the record, prove in open court to the satisfaction of the court, by his own oath or that of other persons having knowledge of the facts, to be attached to said account, that the services therein charged have been actually and necessarily performed as therein stated, * * * and the court shall thereupon cause to be entered of record an order approving or disapproving the account, as may be, according to law and just;" and it also provides that United States commissioners shall forward their accounts, duly certified by oath, to the district attorneys of their respective districts, by whom they shall be submitted for approval in open court, and the court shall pass upon the same in the manner aforesaid.

The above provision is extended to accounts of fees of chief supervisors, by section 2031, Rev. St. The manifest intention of the legislature in thus providing for the presence of the district attorney at the time of submitting such accounts, for the approval of the court, was that a proper scrutiny and inspection of the same might be had by the attorney of the United States, and a full opportunity be offered for objection and argument on his part, should any claims be made by said officers which might be illegal or questionable; the object, of course, being to guard against the payment by the treasury of fraudulent or fictitious claims.

Now, the chief supervisor is *ex officio* United States commissioner, (section 2025, Rev. St.,) and his fee bill is, (section 2031, Rev. St., and also section 847, Rev. St.,) and when he performs other services not provided for in said sections, the same compensation as is allowed to clerks for like services under section 828, Rev. St. This appears from the express provisions of the law above quoted; and, therefore, when the chief supervisor is required by a statute to do or perform any service, the payment for which is not provided for by section 2031 aforesaid, he may lawfully claim payment for the performance

of said service under sections 828 or 847, Rev. St., if the service comes within the scope of those acts. This is plainly so, because, otherwise, it would assume that congress, having created an officer of a dual capacity and individuality, and having provided a somewhat complicated fee-tariff for his compensation in either capacity, might at pleasure impose imperative duties on him in one capacity, and at the same time avoid payment on the ground there was no provision for the payment of such services, when performed in such capacity. In other words, by a mere quibble, escape from payment of just charges for the performance of services imposed upon him.

We cannot presume that this was the intention of the law-creating power. Every reasonable presumption points to the contrary. Where an act is required to be performed or services to be rendered, and the officer required to perform it necessarily holds two positions intimately and indispensably connected, and provision is made by law for the payment of services rendered in each capacity, it is more consonant with the principles of justice and equity that compensation for that service should be made according to the provisions of the statute that applies to it, rather than to deny such remuneration on mere technical grounds and to require the gratuitous performance of the service by the officer.

The conclusion might be different if the officer were compensated in part by a salary, but such is not the case here.

The question then is, do the services claimed by the commissioner and supervisor come within the scope and provisions of sections 847 and 828, Rev. St. ?

*As to the first charge.* It appears by section 2026, Rev. St., that it is made the duty of the chief supervisor to present to the court applications or recommendations for the appointment of supervisors. The charge is 15 cents a folio for drafting such recommendations. We think this charge is clearly within the provisions of section 828. That section says: "For * * * drawing any bond, or making any record, certificate, return, or report, for each folio, 15 cents." The charge is accordingly allowed.

*As to the second charge.* The said section 2026, Rev. St., requires that "the chief supervisors shall prepare and furnish all necessary forms, blanks," etc., to the supervisors of election. These oaths of office were necessary. Each supervisor had to take an oath, which had to be signed by the affiant, and the same is required to be filed in the office of the chief supervisor by said section. A reasonable construction of said section leads to the conclusion that the chief

supervisor is the proper person to furnish and prepare the blank oaths. The charge is 15 cents a folio, and is clearly within the provisions of section 828, Rev. St. The charge is accordingly allowed.

*As to the third charge.* The chief supervisor is required by section 2026, Rev. St., to file the oaths of the special deputy marshals in his office. The oaths were necessary to be taken before the marshals could enter upon the discharge of their duties; and while the act does not require the chief supervisor to furnish the same to the marshals, it does require that when taken they shall be filed in his office. The implication that the chief supervisor should furnish the proper form of oath to be taken does not seem unwarranted, and we therefore allow him this charge, fixing his compensation at 15 cents a folio, under the provisions of section 828 as above.

*As to the fourth charge.* Here, again, by section 2026, Rev. St., is the imperative requirement that the chief supervisor "shall prepare and furnish all necessary instructions for the use and directions of the supervisors," etc. Considering the fact that the supervisors of election are scattered over large and often remote sections of the district, that many of them are unfamiliar with the duties and responsibilities of their position, the wisdom of the requirement, "that the chief supervisors shall furnish them instructions," etc., is apparent. The claim is for 15 cents a folio for drafting such instructions to supervisors, and we think it clearly within the provisions of section 828, Rev. St. The charge is accordingly approved.

*As to the fifth charge.* Section 2031, Rev. St., provides that there shall be allowed and paid to each supervisor of election   *   *   *   who is appointed and performs his duty under the preceding provisions, compensation at the rate of five dollars per day for each day he is actually on duty, not exceeding 10 days. We think the chief supervisor is included under the provisions of this section. He "is appointed and performs his duty under the preceding provisions," and is *per se* a supervisor; indeed, the chief.

The claim is for 14 days' necessary attendance before the United States circuit court, but the chief supervisor, in his written explanation, states it was for time while he was actually on and performing his duties. With this explanation we think the claim is proper, but must be restricted to the 10 days limited by the statute. The claim is, therefore, reduced to 10 days at five dollars a day, and approved for that amount. The duties pertaining to the office of chief supervisor are very responsible and onerous, and involve a judgment and discrimination beyond mediocrity. The person selected and fitted for

such an office is entitled to the fees which properly come within the tariff of compensation provided for the office of commissioner and supervisor, and the construction that under the laws above considered the supervisor would be entitled to none of the claims above considered, would reduce his remuneration to such an inconsiderable sum as to make it difficult, if not impossible, to induce any person fitted for the discharge of these very important duties to accept the office.