In the Matter of the PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS W. SCHULTZE, one of the Coroners of the City and County of New York, *v.* THEODORE W. MYERS, Comptroller of the City of New York.

*The New York city consolidation act — chap.* 410, *Laws of* 1882, *sec.* 56 — *a coroner of said city must pay to the city any fees received by him while acting as sheriff.*

The consolidation act, relative to the city of New York (chap. 410, Laws of 1882), provides, in section 56 thereof, that no officer or person who is paid a salary from the city treasury shall receive any fees, costs, or anything of that nature, but that the same shall be the property of the city; that a person so receiving the same shall make a return thereof before he shall be paid his salary, and that the comptroller of said city may require such a return.

A coroner of said city received certain fees while acting as sheriff in replevin proceedings, and claimed such fees as his personal property. The comptroller thereupon refused to pay his salary.

Upon a proceeding by *mandamus* to compel such payment:

*Held,* that the coroner was a city officer, and was not entitled, under said section 56, to retain such fees, nor to be paid his salary until he had complied with the provisions of the said act.

The history of legislation upon this subject reviewed.

Appeal by the relator, Louis W. Schultze, one of the coroners of the city and county of New York, from an order, entered in the office of the clerk of the city and county of New York on the 15th day of August, 1891, denying his motion that a writ of peremptory *mandamus* be issued, directed to the comptroller of said city, ordering him to pay the relator's salary as such coroner.

The comptroller refused to pay the salary to the relator because of the refusal of the latter to pay into the city treasury certain fees received by the coroner for services rendered by him while acting for the sheriff.

*D. P. Hays,* for the relator, appellant.

*Theodore Connolly,* for the City of New York, respondent.

Ingraham, J.:

Prior to the year 1878, the coroners of the city and county of New York were paid for their services by fees regulated by statute.

For certain of the services rendered, the fees were paid by the county of New York, and when called upon to perform the duties of sheriff they were entitled to receive the same fees as paid for such services to the sheriff, and to be paid in like manner.

By chapter 304 of the Laws of 1874, the county of New York, and the corporation known by the name of the mayor, aldermen and commonalty of the city of New York, were consolidated into one body corporate and politic, and by the second section of that chapter it was provided that, "for all purposes, the local administration and government of the city and county of New York shall be in and be performed by the one corporation aforesaid. All charges and liabilities now existing against said county, or which may hereafter arise or accrue in said city and county of New York, and which, but for this act, would be charges against or liabilities of said county, shall be henceforth deemed and taken to be charges against or liabilities of said corporation, and shall be defrayed or answered unto by it." And after the passage of this act the liability for the fees of the coroners became a charge against the city and county of New York.

By chapter 256 of the Laws of 1878, it was provided that each of the coroners of the city and county of New York after his election should be paid, in full satisfaction for his services, a yearly salary of $5,000, and that salary and certain allowance should be in lieu of all his fees or compensation theretofore a charge upon the county of New York, or the mayor, aldermen and commonalty of the city of New York.

The effect of this legislation substituted a fixed salary of $5,000 in lieu of the obligation of the city and county of New York to pay to the coroner the fees which prior to that time he was entitled to receive from the county of New York or the municipal corporation, but he was still entitled to receive for his own use the fees paid to him for services rendered, which theretofore had not been a charge against either the county of New York or the municipal corporation. In 1880 an act was passed, which was entitled "An act to amend chapter 335 of the Laws of 1873" (the city charter), "and to reduce the burden of taxes to be levied in said city," known as chapter 521 of the laws of that year. By that act the salaries of certain officers were regulated, and by section 3 of that act it provided as follows:

"No officer or person who is paid a salary for his services from the city treasury shall receive to or for his own use, any fees, costs, allowances, perquisites of office, commissions, percentage or moneys paid to him in his official capacity; but all fees, costs, allowances, perquisites, commissions, percentages and money so paid or received by any such officer or person shall be the property of the city and shall be paid by him into the city treasury; and every such officer or person who shall receive any fees, perquisites, commissions, percentages or other moneys which belong to the city and should be so paid into the treasury, shall, before he shall be entitled to receive or be paid his salary, make, under oath, a detailed statement and return to the comptroller, in such form as he may prescribe, showing the amount of all such moneys received by him since the last preceding statement and returns, and shall produce a receipt showing the payment of such sum into the treasury."

It is clear that the relator was within the provisions of this section. He was an officer, was paid a salary for his services from the city treasury, and the fees paid to him, for services rendered by him as coroner, were fees paid to him in his official capacity.

The provisions of this section cannot be restricted to officers that before the consolidation had been officers of the municipal corporation, because the act itself provided for the compensation to be paid to the clerks of the Superior Court, and the Court of Common Pleas and to the district attorney of the city of New York. Neither of those officers were ever officers of the municipal corporation, and, by the consolidation of the city and county, all officers whose duties were administrative or governmental, within the political division known as the city and county of New York, were officers of the one municipal corporation, and the salaries paid to them were paid from the city treasury, and all such officers elected subsequent to the passage of the act of 1880, were subject to its provisions, and were entitled to receive the compensation paid to them by the city only upon compliance with its provisions.

This provision of section 3 of chapter 521 of the Laws of 1880 was re-enacted in section 56 of the consolidation act. There can be no doubt but that by this legislation it was the intention of the legislature to restrict all public officers in the city of New York, to whom a salary was paid by the city, to such salary as their compen-

sation for the services rendered by them, and that all provisions of law then existing, by which any such officer was allowed to retain, for his own use, any fees by whomsoever paid, were repealed, and after the passage of the act of 1880 there was no provision of law by which a coroner of the city of New York could legally receive, for his own use, any fee for services rendered in his official capacity from any person; but all fees paid to him for his services as such coroner, or in an official capacity, belonged to the city of New York.

The re-enactment of section 1 of chapter 256 of the Laws of 1878, as section 1767 of the consolidation act, whereby it was provided that the salary and allowance paid to the coroner should be in lieu of all his fees or compensation theretofore a charge upon the city and county of New York, must be read in connection with the re-enactment of section 3 of the act of 1880, in section 56 of the consolidation act, and reading the two sections together, they are not at all inconsistent.

The salary paid to him is in lieu of his fees or compensation theretofore a charge upon the city and county of New York, but he shall not receive, for his own use, any fees paid to him in his official capacity, but receive the same for and pay the same to the corporation.

This construction gives full effect to both of the sections of the consolidation act, and continues the policy that was adopted by the legislature on the passage of the act of 1880, in relation to the officials of the city and county of New York.

We think, therefore, that the relator was not entitled to receive his salary from the city until he had complied with the provisions of section 56 of the consolidation act, and that the order appealed from should be affirmed, with ten dollars costs and disbursements.

Van Brunt, P. J., and Daniels, J., concurred.

Order affirmed, with ten dollars costs and disbursements.