(10 Misc. Rep. 131.)

MERZBACH v. MAYOR, ETC., OF NEW YORK.

(Common Pleas of New York City and County, General Term. November 5,. 1894.)

MUNICIPAL CORPORATIONS—EXTRA SERVICES OF CLERK—COMPENSATION.
Where a clerk in the office of the district attorney of New York city and county renders services as a notary at the request of the district attorney, no promise by the city to pay additional compensation therefor can be implied, as Laws 1882, c. 410, §§ 46, 47, prohibit any officer of the city to incur any expense for which no appropriation was previously made.

Appeal from trial term.

Action by Henry Merzbach against the mayor, etc., of the city of New York, to recover statutory fees as a notary to which plaintiff claimed to be entitled for services performed by him at the request of the district attorney of the city and county of New York in and about the necessary affairs of the latter's office, and while plaintiff was employed as a clerk in said office, at a salary payable from the city treasury. From a judgment entered on a verdict in favor of plaintiff for $435.02 and $162.96 costs, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Wm. A. Sweetser, for appellant.
Herman Frank, for respondent.

BISCHOFF, J. In the absence of positive inhibition, a public officer is authorized to incur, on behalf of the body politic of which he is the representative, such expense as may be reasonably necessary to a proper performance and discharge of the duties imposed upon him. People v. Board of Sup'rs of Columbia Co., 134 N. Y. 1, 31 N. E. 322. He is not personally liable for the expense so incurred (People v. Board of Sup'rs of New York, 32 N. Y. 473); and, if he has defrayed it, he is entitled to reimbursement (Id.; Bright v. Supervisors, 18 Johns. 242; Powell v. Newburgh, 19 Johns. 284; U. S. v. Flanders, 112 U. S. 88, 5 Sup. Ct. 67; People v. Board of Sup'rs of Monroe Co., 15 How. Pr. 225; Throop, Pub. Off. § 495; 19 Am. & Eng. Enc. Law, p. 540). By express provision of the Revised Statutes (Banks Bros.' 7th. Ed., vol. 2, pp. 978, 979, tit. 4, § 3, subds. 2, 9), "the fees of the district attorney, and all expenses necessarily incurred by him in criminal cases arising within the county," and "the moneys necessarily expended by any county officer in executing the duties of his office, in cases in which no specific compensation for such services is provided by law," are made proper charges against the county; and by section 27 of the consolidation act (chapter 410, Laws 1882) all proper charges against the county of New York are made such against the corporation of the city and county of New York. One who is employed to render services of a particular kind cannot, in the course of such employment, be required to render services of a different character, and distinct from those which he has engaged to perform; and if he is commanded by his employer to perform services requiring special qualification, skill, and capacity, unconnected with his regular employment, an implied promise arises to pay him, by way of additional compensation, what those services are reasonably worth. Wood, Mast. & Serv. § 86; Lawson, Rights, Rem. & Pr. §§ 254, 257. The same rule obtains in the public service. 1 Throop, Pub. Off. § 492; 19 Am. & Eng. Enc. Law, p. 500, and cases cited in note 4; Mayor, etc., v. Muzzy, 33 Mich. 61; U. S. v. Brindle, 110 U. S. 688, 4 Sup. Ct. 180; Converse v. U. S., 21 How. 463, 62 U. S. 192. Notwithstand-

ing, however, our approval of the foregoing propositions, we reach the conclusion that the plaintiff's recovery should not prevail, and that it was error to deny the defendant's motion for a nonsuit.

The district attorney is a county officer, and his office a county office. People v. Board of Sup'rs of Columbia Co., 134 N. Y. 1, 31 N. E. 322; People v. Board of Sup'rs of New York, 32 N. Y. 473; Macdonald v. Mayor, etc., 32 Hun, 89. The district attorney of the county of New York is, however, also a city officer, within the meaning of the consolidation act (chapter 410, Laws 1882). By chapter 304, Laws 1874 (Consolidation Act, § 26), the political divisions known as the city and the county of New York were constituted one body corporate and politic, and from thenceforth all county officers were city officers as well. People v. Myers, 61 Hun, 500, 16 N. Y. Supp. 332. Sections 46 and 47 of the consolidation act (chapter 410, Laws 1882) require all "heads of departments," "boards," and "officers" of the city so to regulate their expenditures as not to exceed the yearly appropriation, and inhibit the incurring of any expense for which no appropriation was previously made. In the absence of proof of such an appropriation, therefore, it cannot be said that the implied authority of the district attorney, as a public officer, to subject the municipality to liability for the plaintiff's services, was extant. No such proof was adduced on the trial; hence the facts did not constitute a cause of action against the defendant. In Macdonald v. Mayor, etc., 32 Hun, 89, upon which case counsel for respondent here partly relies, the element of an appropriation was present. .

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur..