Patrick J. O'Brien, Respondent, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Appellant.

*Attendant of the Court of General Sessions — a public officer, not a city officer — entitled to pay although he has served as a United States marshal.*

An attendant of the Court of General Sessions of the Peace in and for the city and county of New York is a public officer, and, in effect, is declared to be such by sections 53, 54 and 55 of the Consolidation Act (Chap. 410 of 1882); he is not, however, an officer under the city government, within the meaning of section 55 of the Consolidation Act; and although such attendant serves as a deputy United States marshal for a day, yet if the appointing power recognizes his right to the office of attendant of the Court of General Sessions by notifying him that his services will not be required after a certain subsequent date, and he continues to discharge the duties of attendant until such date, he is entitled to his pay up to that time.

Appeal by the defendant, The Mayor, Aldermen and Commonalty of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of October, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit.

*William H. Clark* and *James T. Malone,* for the appellant.

*John R. Farrar,* for the respondent.

FOLLETT, J.:

This action was brought to recover eighty-three dollars and thirty-three cents, the salary of the plaintiff for November, 1892, as an attendant of the Court of General Sessions of the Peace in and for the city and county of New York. Section 1534 of the Consolidation Act (Chap. 410, Laws of 1882) provides:

"§ 1534. The judges of the Court of General Sessions shall appoint such officers to attend said court as to the judges of said court shall appear to be necessary; the salaries shall be paid out of the city treasury in monthly installments; but the salary of each officer or attendant shall in no case exceed twelve hundred dollars per annum, and the salary of each officer or attendant appointed after May twenty-ninth, eighteen hundred and eighty, shall be one thousand dollars. Such officers may be removed by the court, but their successors shall be appointed by the judges of the court, provided, however, that no other officers or clerks shall be appointed by said judges than is by law provided for."

February 1, 1882, the plaintiff was duly appointed by the judges of the Court of General Sessions an attendant of said court and immediately entered upon his duties and continued to discharge them until December 1, 1892, when he was dismissed from the service, pursuant to the following communication:

"NEW YORK, *Nov.* 21, 1892.

" To Mr. PATRICK J. O'BRIEN :

" You are hereby notified that your services as an officer or attendant of the Court of General Sessions of the Peace will not be further required on or after the 1st day of December, 1892.

"JAMES FITZGERALD,
            " *Judge of General Sessions.*
"RUFUS B. COWING,
            " *City Judge.*
"FREDK. SMYTH,
            " *Recorder.*"

In October, 1892, the plaintiff was appointed a special deputy United States marshal, took an oath of office and served one day, for which he was paid ten dollars. The defendant insists that by becoming special deputy marshal for one day the plaintiff vacated

his office as an attendant and is not entitled to recover his salary for November, though he served through that month. No other defense is alleged or suggested. Section 55 of the Consolidation Act provides:

" § 55. Any person holding office, whether by election or appointment, who shall, during his term of office, accept, hold or retain any other civil office of honor, trust or emolument, under the government of the United States (except commissioners for the taking of bail, or register of any court), or of the State (except the office of notary public or commissioner of deeds, or officer of the National Guard), or who shall hold or accept any other office connected with the government of the city of New York, or who shall accept a seat in the Legislature, shall be deemed thereby to have vacated every office held by him under the city government. * * * "

An attendant of the Court of General Sessions is, in effect, declared to be a public officer by sections 53, 54 and 55 of the Consolidation Act, and it has been held by the Court of Appeals that an attendant of the Supreme Court is a public officer. (*Rowland* v. *The Mayor*, 83 N. Y. 372.)

Was the plaintiff an officer under the city government, within section 55 above quoted, or was he an officer of the Court of General Sessions? . In *Goettman* v. *The Mayor* (6 Hun, 132) an interpreter of a District Court was held to be a public officer, but not an officer of the city government. In the case cited, the plaintiff was appointed and served as an inspector of elections, and the city refused to pay his salary for November, but in an action brought it was held that he was an officer of the court and not of the city, and was entitled to recover. In *People ex rel. Gilchrist* v. *Murray* ('73 N. Y. 535) it was held that the office of assistant clerk of a District Court was not within section 114 of chapter 335, Laws of 1873, and that the office was not vacated by the incumbent becoming a clerk in the department of public works, or because elected to the Assembly. Section 55 of the Consolidation Act is an exact copy of section 114, chapter 335, Laws of 1873, and the cases cited are applicable to the case at bar.

*People ex rel. Schultze* v. *Myers* (61 Hun, 500; affd., 131 N. Y. 644) arose under section 56 of the Consolidation Act, and is not in conflict with the cases before cited. After the plaintiff had acted as

a deputy marshal for one day, the appointing power, by its notice of November 21, 1892, above quoted, recognized his right to the office, and pursuant thereto the plaintiff discharged the duties thereof until December of that year, and we think he is entitled to his pay.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.