(17 Misc. Rep. 505)

PEOPLE ex rel. CRANE v. TAYLOR, County Treasurer.

(Supreme Court, Special Term, Kings County. June, 1896.)

1. MUNICIPAL CORPORATIONS—WHO ARE CITY OFFICERS—CONSOLIDATION WITH COUNTY.
    The district attorney of Kings county did not become an officer of the city of Brooklyn by virtue of the act consolidating said county with the city, though the consolidating act charged the city with the payment of all liabilities then existing against the county, or which but for the act would be charges against the county; but his salary can only be drawn from the city treasurer by the mode prescribed by the city charter.

2. OFFICE AND OFFICERS—CIVIL SERVICE LAW—ASSISTANT DISTRICT ATTORNEY.
    The qualifications of a person to act as assistant district attorney cannot be ascertained by an examination, and therefore he is not within the civil service laws.

Application by Frederick E. Crane for a writ of mandamus to compel Hubert G. Taylor, county treasurer of Kings county, to

v.40 N.Y.S.no.2—21

pay relator his salary as assistant district attorney of Kings county for the month of July, 1896. Judgment for defendant.

James D. Bell, for relator.
Joseph A. Burr, Corp. Counsel, for respondent.

SMITH, J. This is an application for a peremptory writ of mandamus to be directed to Hubert G. Taylor, county treasurer of Kings county, commanding him to forthwith pay to the relator, Frederick E. Crane, his salary for the month of June, 1896, as assistant district attorney of Kings county.

It is admitted that the relator was appointed assistant district attorney of Kings county on January 2, 1896, and that at the end of each and every month since that time he has been paid his monthly salary by the county treasurer of Kings county, except for the month of June, when payment was refused. The defendant bases his refusal to pay the relator on two grounds: First, because, by the terms of the act consolidating the county of Kings and the city of Brooklyn, the salary of the assistant district attorneys became an indebtedness of the city, and by the provisions of the charter of the city the comptroller is authorized to prescribe the manner in which salaries shall be drawn, and the mode by which all creditors of the corporation shall be paid.

The district attorney has prepared his pay roll in the form prescribed by the comptroller for other departments and officers connected with the city government; but the charter also provides that all moneys drawn from the treasury shall be upon vouchers for the expenditures thereof, examined and allowed by the auditor, and also approved by the comptroller, in whose office all such vouchers shall be filed. It is conceded that this claim has not been examined and allowed by the auditor, or approved by the comptroller. The charter also provides that no money shall be drawn from the treasury, except upon warrants signed by the mayor or acting mayor, and by the comptroller or his deputy, and countersigned by the city clerk, or, in his absence, by his assistant.

It is conceded that the relator has not procured a warrant for the amount claimed by him to be signed as above provided and presented to the county treasurer. If the salary of the relator is an indebtedness of the city, it would seem that the objection of the county treasurer, based upon the method of relator's application for payment, is valid, and must be sustained. By the provisions of the consolidation act all property of the county of Kings became vested in the city of Brooklyn, and the city was charged with the payment of all charges and liabilities then existing against the county, or which, but for the said act, would be charges against the county, and by the provisions of the revised constitution, which went into effect January 1, 1895, whenever the boundaries of any city shall become the same as those of a county, the power of the county to become indebted shall cease. As Kings county cannot now become indebted, and as the city of Brooklyn is charged with the payment of all liabilities which, but for the act of consolidation

would be charges against the county, there seems no escape from the conclusion that the salary of the relator, earned after January 1, 1896, is a debt of the city, and that the money for the payment of the same can only be drawn from the city treasury by the mode prescribed by the charter. Hence, upon that ground, the application must be denied. The county treasurer also bases his refusal to pay the relator upon another and more important ground. His claim is that the appointment of the relator as assistant district attorney was in violation of the provisions of the constitution and the statutes of the state relating to civil service, and the rules and regulations adopted thereunder for the purpose of carrying out the same.

It is conceded that the appointment of the relator was not made in accordance with the rules either of the state or local civil service. commission, and the relator contends that his position is entirely independent of the civil service provisions either of the constitution or statutes of the state. The statutory law relating to the civil service, so far as applicable to the case under consideration, is found in Laws 1883, c. 354, as amended by Laws 1884, c. 410. It is conceded that, since the passage of these acts, none of the positions in any of the offices of the district attorneys of the state have been classified under the state civil service regulations. The state commission have not attempted to assume jurisdiction over these positions under the law.

The contention of the defendant is, however, that, since the consolidation act, the office of district attorney has become a city office, and the district attorney and his assistants are now in the employ of the city, and in its public service, and therefore the position of the relator comes within the provisions of the city civil service law relative to cities. Under these acts the mayor was authorized to prescribe such regulations for the admission of persons into the civil service of the city as may best promote the efficiency thereof, and to cause to be arranged in classes the several clerks and persons employed or being in the public service of the city of which he is mayor. After three months from the passage of the act no person could be admitted to either of the classes until he passed an examination, or was shown to be exempt from such examination, in accordance with the regulations. Such regulations were prescribed by the mayor, and the positions at that time in the civil service were classified, and it was provided that if any new position was created, or any position was omitted, such position should be assigned by the mayor to its proper schedule. Until so assigned, any such position should be deemed to be in Schedule B, which included all persons to be appointed upon competitive examination. To procure an assignment of the new or omitted positions from Schedule B, to the noncompetitive Schedule A, application must be made to the mayor in writing by the appointing officer before making any appointment, and the assignment should be made by the mayor in a communication to the civil service commission.

The defendant contends that the office of assistant district attorney became a new position under the city by virtue of the consolidation act, which took effect January 1, 1896, and was omitted from the schedules as they existed on that date, and therefore became a position under Schedule B, which could only be filled after competitive examination; and, it being conceded that there was no such examination before appointment, the appointment was invalid. If it be admitted that the relator holds a city office, or is in the employ of the city, there can be no question that the civil ser vice rules applicable to positions under the city belong to this case, and that the appointment of the relator is invalid, because made in violation of these rules. Is the office of the relator a city office, and is he in the public service of the city, within the intent of the civil service act, so as to be subject to the civil service regulations applicable to positions under the city government? The office of district attorney is created by the constitution, which prescribes the length of its term and provides that the district attorney shall be chosen by the electors of the respective counties. The constitution creates him a county officer. The county law designates him as a county officer. His duty is to prosecute for crimes against the people of the state of New York committed within the territorial limits of his county. The office is not created by the charter of the city of Brooklyn. He does not serve any department of that city. He is not in the service of the municipality as such. No new duties were imposed upon him by the consolidation act, nor were his duties attempted to be changed in the slightest degree by that act. If he became a city officer, it is solely because the city is charged with the payment of the salary. That was a county charge, and would have remained a county charge, except for the provisions of the constitution forbidding the county to become indebted, and the provisions of the consolidation act, which imposed upon the city all obligations which, except for that act, would have been county charges. To the extent of becoming dependent upon the city for his pay, he became a city officer; and that, in substance, is what was decided in the case of People v. Myers, 61 Hun, 500, 16 N. Y. Supp. 332. It is my conclusion, therefore, that the district attorney did not become a city officer by the consolidation act, and that he or his assistants are not in the employ of the city, within the meaning of the civil service regulations applicable to positions under the city government.

Only one more question remains to be considered. Does the office of assistant district attorney come within the civil service provisions of the constitution, as interpreted in People v. Roberts, 148 N. Y. 360, 42 N. E. 1082? Is it practicable to ascertain the merit and fitness of the assistant district attorney by civil service examination? I think not. The district attorney is charged with grave responsibility, and duties of the highest moment to the county. His assistants, for whom he is responsible, occupy the most confidential relations to him, and necessarily are charged with duties of the utmost importance. I think the public welfare demands that the district attorney, in the selection of his assistants, should

be left absolutely free in the exercise of his own judgment and discretion. If, as the court of appeals intimates in the case cited, in the absence of the statutory regulations, the civil service provisions of the constitution are self-executing, I do not think that any fair construction of those provisions would include the office in question.

The motion is denied, on the sole ground that the relator. has not complied with the provisions of the city charter, which entitled him to receive payment of his salary from the county treasurer.