C. H. DEWITT v. MILLS COUNTY, Appellant.

**Contagious disease:** EMPLOYMENT OF PHYSICIAN. A board of health of a special charter city may, in an emergency, legally contract with a member of the city council and also the health officer of the city to attend persons who are a county charge afflicted with a contagious disease.

*Appeal from Mills District Court.*— HON. W. R. GREEN, Judge.

SATURDAY, DECEMBER 17, 1904.

ACTION to recover for medical services rendered under a contract with the board of health of Glenwood. A directed verdict was returned, upon which judgment was entered as prayed. The defendant appeals.— *Affirmed.*

*L. T. Genung* and *A. E. Cook,* for appellant.

*John Y. Stone,* for appellee.

LADD, J.— In December, 1901, an epidemic of smallpox broke out in the city of Glenwood, and the plaintiff was

employed to render all necessary medical services to those afflicted with the disease on the following terms: For the first case he was to receive $150; for the next three, $100 each; and thereafter $50 for each patient. Four patients were treated. Payment has been made for the first. The other three were persons for whose care the county was liable. Some question is raised concerning the liability of two of these, but the evidence showed conclusively that they were without means. That part of the answer alleging that at the time of entering into the contract the plaintiff was a member of the city council of Glenwood, and also health officer of its board of health, was stricken, on motion, as being immaterial and irrelevant. The ruling was correct. Glenwood is a city under special charter, and the board of health consisted of five members designated by the mayor. The plaintiff was not one of these, and there is nothing in the statutes prohibiting him, in an emergency, from being employed by the board of health at an agreed compensation. Section 1026, Code. This was not subject to the approval of the council, and the contract was not invalidated by section 943 of the Code, prohibiting any member of the council from becoming " interested directly or indirectly in any contract for work or service to be performed for the corporation." The corporation referred to is the city, and, as the service was not to be rendered for it, but at the expense of the county, the statute does not apply.— *Affirmed.*