In the Matter of the Application of WILLIAM COPELAND DODGE, District Attorney, New York County, Petitioner, for an Order of Mandamus against ANNA MOSKOWITZ KROSS, City Magistrate of the City of New York, Respondent.

Supreme Court, New York County, August 22, 1934.

*William Copeland Dodge, District Attorney* [*John C. McDermott* of counsel], for the petitioner.

*Charles B. Brophy* and *Henry Breckinridge* [*Malcolm L. Fleischer* on the brief], for the respondent.

STEUER, J. The petitioner, district attorney of New York county, seeks to have this court issue a peremptory order of man-

damus to the respondent, a magistrate, requiring her to admit to every examination conducted before her as a magistrate the petitioner or his duly authorized assistant or deputy assistant at any time while she is holding court as a magistrate. The occasion for seeking this relief is the exclusion by the magistrate from participation in any proceedings of Vincent A. Cattogio, a deputy assistant district attorney assigned by the petitioner to represent the People in a court then being presided over by the respondent. Respondent admits that the petitioner is entitled by law (Code Crim. Proc. § 203) to be present at the examinations. While she argues against the extension of this right to his assistants, it cannot be questioned at this time that the exercise of the duties of the district attorney of the county of New York require the service of such assistants and they are entitled to exercise such of his rights as their duties require. Respondent claims that she is willing to accord the petitioner or any of his assistants, other than the said Cattogio, full rights in any court conducted by her. Petitioner does not question respondent's good faith in this connection, but asserts that he alone is charged with the duty of selecting his assistants and assigning their duties to them. In this position he is manifestly correct (*People ex rel. Crane* v. *Taylor,* 17 Misc. 505), and no court is entitled to select which representative of his shall appear before it, nor to reject the one designated.

It is manifest from the foregoing that respondent's objection to Mr. Cattogio is not as an officer but as an indiv dual and a lawyer. She asserts that his conduct a day or so prior to the exclusion was insulting and contumacious, and for this reason her action in refusing to accept him as petitioner's representative was proper. It is neither necessary nor fitting to decide upon this application whether these claims are substantiated by the affidavits. To say the least, Mr. Cattogio earned no laurels by his manners. But his conduct was a matter for respondent to pass upon and if she found it transgressed propriety, she had several courses of procedure open to her looking either to disciplining him as an individual or as a lawyer or to having him removed from his office. Of course, in the proper conduct of her court he could be excluded while preparation for these steps was being made. Respondent, however, has not taken any action in regard to the assistant district attorney other than prohibiting his presence in her courtroom. It, therefore, appears that she contemplates no permanent steps in regard to his status as a member of petitioner's staff or as an attorney. She does not claim to be excluding him pending disciplinary measures and on no other ground has she the right to prevent him from appearing and performing his duties. Respondent has, as she claims, the

right to conduct the court over which she presides, but this right does not extend to barring an attorney indefinitely.

The relief herein sought is discretionary with the court. It has been the practice to refrain from mandamusing an inferior court unless that step is absolutely necessary. (*People ex rel. McClelland* v. *Dowling*, 55 Barb. 197.) This rule applies even where no other adequate remedy exists. The court is guided by whether the issuance or withholding of the mandamus will best promote the ends of justice.

The petitioner has expressed a fear that unless the relief here sought is granted the magistrates will not admit the deputies sent to their courts by petitioner, but will seek to have those of their own selection and that this will interfere with the proper administration of his office. While it cannot be disputed that such an attitude on the part of the magistrates would have a detrimental effect, there is no good reason to fear that such an attitude will ensue. The lone instance provided by this controversy gives rise to no such apprehension.

In the opinion of the court the ends of justice will be best promoted by not putting any compulsion on the respondent. The controversy which engendered this proceeding was unfortunate and the prosecution of the action is largely accounted for in the eagerness of both parties to guard the reputations of their respective offices. There is no reason to fear that this isolated experience will be repeated nor that petitioner will be interfered with by a discriminative attitude on the part of respondent or other magistrates. Rather is it to be expected that the magistrates will continue in the exercise of their own functions without attempting to influence the administration of petitioner's office. Should this sanguine outlook prove not justified by the future as it has been by the past, an application could again be made and the reluctance of this court to mandamus another court would then be overcome and its discretion exercised in accordance with strict legal right.

Application is denied, without costs.