## UNITED STATES *v.* STOWE and others.

*(District Court, D. Minnesota.* February 23, 1884.)

1. DOUBLE COMPENSATION—PROHIBITION APPLICABLE ONLY TO OFFICIAL SERVICES
   Officers and agents of the government are not forbidden to receive extra compensation for services rendered entirely apart from their official functions, but only for services required of them within the scope of their employment.
2. PAYMENT OF FREIGHT—AGENT ENTITLED TO REIMBURSEMENT.
   The statutes do not forbid the payment of freight by an Indian agent when supplies are demanded at once by a sudden emergency, and an agent paying such charges is entitled to reimbursement.

Action upon the bond of Lewis Stowe, late Indian agent at the White Earth Reservation. Defendant Stowe, as such agent, and under the direction of the commissioner of Indian affairs, hired Warren, the official interpreter at the agency, to render certain services as a day laborer in the government warehouse, and as a clerk in the agent's office. For such services he paid Warren $336. This item was disallowed by the accounting officers of the government in the settlement of Stowe's account, under sections 1764, 1765, 2074, 2076, Rev. St. For the transportation, in 1876 and 1877, of certain government property from St. Paul to Detroit, Minnesota, for the use of the agency, defendant Stowe paid to the Lake Superior & Mississippi Railroad Company $210.67, and to the Northern Pacific Railroad Company $52.55, which expenditures were disallowed by the accounting officers of the government, under paragraph 2, § 1, c. 133, (18 St. at Large, 452,) also section 1, Supp. Rev. St. 171, (Richardson's.) For the deficiency caused by these disallowances this action is brought.

*C. A. Congdon,* Asst. U. S. Atty., for plaintiff.

*Gordon E. Cole,* for defendants.

NELSON, J. Stowe, the agent, was authorized by the commissioner of Indian affairs to have the services performed for which he paid Warren, the interpreter. The law required the agent to execute this order. Rev. St. § 2058, p. 362. Warren was not forbidden to receive compensation for doing the work. Sections 1764 and 1765, Rev. St., do not apply to this case, for the employment was not in the line of his official duty as interpreter, and had no connection with it. It is only when extra and additional duties are imposed upon an officer as a part of his duty, and he is bound to obey or perform them, that such officer is not entitled to and cannot receive extra pay, unless it is fixed by law, and "the appropriation therefor explicitly states that it is for such additional pay," etc.

2. In my opinion section 1, par. 2, Supp. Rev. St. p. 171, and section 5, act of 1864, granting land to the Lake Superior & Mississippi Railroad Company, and section 11, charter Northern Pacific Railroad Company, do not forbid the payment of freight by the defendant; and

it was admitted in the argument that a sudden and unforeseen emergency had arisen, requiring prompt action in the interest of humanity. If so, an equitable credit, at least to the extent of the claim made by the defendant, should be allowed, under the act of March 31, 1797. See *U. S.* v. *Lowe,* 1 Dill. 585.

Judgment is ordered for defendants.

---

A provision in an act of congress, prohibiting persons holding office under the United States from receiving compensation for discharging the duties of any other office, does not apply to services entirely unconnected with their official position. *U. S.* v. *Brindle,* 4 Sup. Ct. Rep. 180.—[ED.