Drake, Ch. J.,
delivered the opinion of the court:
So far as this court is advised, there is no appropriation out of which rents of land offices can be paid, except the annual *648 appropriation “for incidental expenses of the land offices”; which, in each of the fiscal years in which the claimant’s outlays for rent of office rooms were made, was $40,175.
This sum, as appears by the statement of the Commissioner of the General Land Officers “inadequate to the payment of all the expenses necessary to the proper transaction of business within said offices ”; and therefore it has been his “ practice to request authority of the Department for such reasonable allowance for each office in the matter of contingent expenses as is deemed proper and practicable, taking into consideration the amount of the appropriations.”
Manifestly, this was the only proper course for the Commissioner to take. He had no power to disburse any part of that appropriation, for any object, without previous authority therefor conferred by the Secretary of the Interior.
It is equally manifest that no Register or Receiver of a land office could have any right to disburse, or contract for the disbursement of, any part of the sum allowed by the Secretary for the incidental expenses of his office, unless authority had been given him by the Commissioner to make or contract for such disbursement.
Had the claimant been authorized to contract for rent of office-rooms, the rent would certainly have been paid out of the appropriation “ for incidental expenses of the land offices”; but he saw fit to rent such rooms, and pay the rent thereof out of his private means, without having received from the Department any authority so to do; and he urges that the Department is under legal obligation to reimburse the amount so paid by him.
In support of this claim he relies on these words in section 2255 of the Revised Statutes:
“The Secretary of the Interior is authorized to make a reasonable allowance for office-rent for each consolidated land office.”
It is claimed that these words are, in effect, a statutory command to the^ Secretary to make the allowance; that is, that the words “is authorized to maleev are the same as may malee, and that may there means shall.
As is well known, there are instances in which may, in a statute, is held to mean shall; but in our opinion this is not one of them.
*649 Had tbe Legislature intended a command to the Secretary, it would, doubtless, have appropriated money specifically for rent for each consolidated land office, and then there would have been no question in the case. But when it appropriates a given sum “ for incidental expenses of the land offices,” the right to disburse that sum must rest in the Secretary, and no disbursement of it can be lawfully made without his authority.
The language of section 2255 is merely an authority to the Secretary to allow for office-rent for a consolidated land office. To what extent he should exercise that authority is left for him to determine, in view of the circumstances of each case and of the state of the appropriation for incidental expenses; and no right can exist in any land-officer to demand payment by the Department of rent paid out by him, unless the payment of such rent had been previously authorized by the Secretary.
The conclusion of the court is, that the claimant has no legal claim on the Department of the Interior for reimbursement of the money paid by him for office-rent; and it is oruered that a copy of the findings of fact and of this opinion be transmitted to that Department for its guidance and action.