## UNITED STATES *v.* FLANDERS & Others.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Argued October 20, 1884.—Decided November 3, 1884.

A person appointed and commissioned as a collector of internal revenue, under the act of July 1, 1862, 12 Stat. 432, is entitled to the compensation, provided for by § 34 of that act, of a percentage commission to be computed on the moneys accounted for and paid over by him, from the time he enters on the duties of his office and his services are accepted, and not merely from the time he takes the oath of office and files his official bond.

A collector of internal revenue appointed under that act is entitled, in a suit against him on such bond, brought to recover public money collected by him and not paid over, to have allowed, as a set-off, money paid by him for publishing advertisements required to be made by § 19 of that act, if the amount is found to be reasonable and proper, although the item was not formally allowed or certified by the accounting officers in the Treasury Department or otherwise.

Action against principal and sureties on an internal revenue bond. The facts appear fully in the opinion of the court.

*Mr. Assistant Attorney-General Maury* for plaintiff in error.

*Mr. J. Q. A. Fellows* submitted for defendants in error on his brief.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit brought by the United States, in the Circuit Court of the United States for the Eastern District of Louisiana, against George S. Denison and the sureties on his bond, as collector of internal revenue for the first collection district of Louisiana, to recover $4,346.84, as public money which he collected and did not pay over. Three of the sureties defended the suit, and, on a trial before a jury, there was a verdict in their favor, and a judgment accordingly. The United States have sued out a writ of error.

The answer sets up that Denison, or his estate, is entitled to further credits than those allowed to him, which claims for credits he presented to the accounting officers of the Treasury, but they disallowed them, to the amount of $4,199.74, on account of his compensation as collector, and to the amount of $777, on account of money paid by him for necessary and legal advertising.

The bill of exceptions sets forth, that there was evidence tending to show that Denison was appointed collector by a commission dated March 4, 1863; that he took the oath of office, and executed his bond as such collector, on the 15th of May, 1863, and remained in office until the 11th of December, 1863; that his accounts were adjusted by the accounting officers of the Treasury at various dates subsequent to June 3, 1864, but in these adjustments he had not concurred, and the proper notice had been given to lay the foundation for the introduction of evidence as to the additional credits claimed; that he entered upon the discharge of his official duty as collector on the 11th of March, 1863, and continued so to act until December 11th, 1863; and that his accounts were regularly transmitted monthly, during his whole term of office, and at the end thereof, and all prior to June 30, 1864. The counsel for the plaintiffs asked the court to instruct the jury that Denison was not entitled to any compensation as collector prior to May 15, 1863, the date on which he gave the bond and took the oath of office. The court refused to give that instruction, but, instead thereof, gave the following: that the government could have properly refused to allow Denison to assume the office of collector until he had taken the oath of office and given the

requisite bond; that for certain purposes he could not be an officer until he had taken the oath and given the bond; but, if the jury found, that, after he had received his commission, the government permitted him to discharge the duties of the office, and accepted of his services .therein, prior to the time of his taking the oath and giving the bond, he was entitled to compensation from the time when he commenced to discharge his official duties and his services in the office were accepted by the government; and, that, it being admitted that he had collected the sum of $577,791.28, he was entitled to compensation at the rate of $833,33⅓ per month during the time he held the office of collector, counting from the time when, after receiving his commission, he was permitted by the government to discharge the duties of the office and his services were accepted therein, although, during a portion of such time, he had not taken his official oath, nor given his official bond. To this refusal and instruction there was an exception by the plaintiffs.

It is contended that there was error in the instruction that the collector was entitled to compensation for the time before he took the oath and gave the bond. His commission was dated March 4, 1863, and the government permitted him to discharge the duties of the office, and accepted of his services, from March 11, 1863. At that time the act of July 2, 1862, 12 Stat. 502, was in force, which provided that every person appointed to any office of profit under the government, in any civil department of the public service, except the President, should, " before entering upon the duties of such office, and before being entitled to any of the salary or other emoluments thereof, take and subscribe" an oath or affirmation, the form of which is given. Section 4 of the act of July 1, 1862, 12 Stat. 433, provided that, before any collector of internal revenue should " enter upon the duties of his office," he should give a specified bond, with sureties.

The compensation to which Denison was entitled was at the rate of $10,000 a year, under section 34 of the act of July 1, 1862, 12 Stat. 445. That section allows the compensation to the collector " appointed," in full compensation for his services and those of his deputies. The compensation is by a specified

percentage commission, to be computed on the moneys "paid over and accounted for under the instructions of the Treasury Department," the commissions not to exceed $10,000 a year, in any case. The compensation is given by the statute to the collector, when appointed, and is based wholly on the amount of moneys paid over and accounted for. If he is appointed, and acts, and collects the moneys, and pays them over and accounts for them, and the government accepts his services and receives the moneys, his title to the compensation necessarily accrues, unless there is a restriction growing out of the fact that another statute says that he must take the oath " before being entitled to any of the salary or other emoluments " of the office. But, we are of opinion that the statute is satisfied by holding that his title to receive, or retain, or hold, or appropriate, the commissions as compensation, does not arise until he takes and subscribes the oath or affirmation, but that, when he does so, his compensation is to be computed on moneys collected by him, from the time when, under his appointment, he began to perform services as collector, which the government accepted, provided he has paid over and accounted for such moneys. This was, in substance, the charge given, and it was correct.

The counsel for the plaintiffs requested the court to instruct the jury, that, during the time Denison was collector, the law did not provide for the reimbursement to collectors of internal revenue of any amount expended by them for advertisements; and that, there being no proof that the Secretary of the Treasury had ever made any allowance to Denison for amounts expended by him for advertisements, nothing could be allowed to the defendants for advertising. The court refused to give that instruction, but gave the following : that " if, in accordance with the terms of the statute, defendant Denison was required, as collector of internal revenue, to make, and did make, in certain newspapers, certain advertisements, for which he was required to pay, and did pay, and if, also, the jury found that the amounts so paid were reasonable and proper amounts, he was entitled to a credit for the amounts so paid by him, although the Secretary of the Treasury had made no allowance

to him therefor." To this refusal and instruction the plaintiffs excepted.

The 19th section of the act of July 1, 1862, 12 Stat. 439, required the collector to give notices, by advertisement, that duties were due and payable, and to advertise notices of the sale of articles distrained. The item of $777 for bills for advertising was disallowed by the accounting officers, because section 34 of the act of July 1, 1862, before cited, after providing for compensation, went on to say that there should also be allowed to the collector his necessary and reasonable expenses for stationery and blank books used in the performance of his official duties, to be paid out of the treasury, after being duly examined and certified by the Commissioner of Internal Revenue, and did not include expenses for advertising, and they were not included until provided for, by amendment, by the act of March 3, 1865, 13 Stat. 469, which took effect April 1, 1865. But we are of opinion, that, as the statute required the advertisements to be made, the collector was entitled to a credit for the reasonable and proper amounts paid therefor, although such amounts were not formally allowed or certified. It was submitted to the jury to say whether the collector made and paid for the advertisements, and whether they were such as fell within those named in the statute, and whether the amounts paid for them were reasonable and proper. The instruction given is not open to the criticism made, that it submitted to the jury a question of law. It was not left to the jury to determine whether the advertising for which credit was claimed was such as the collector was required to make, in the sense that it was left to the jury to determine what advertisements the law required to be made. But it must be inferred, that the court explained the statute as to the advertisements, and the fair meaning of the instruction is, that it was left to the jury to say whether, in view of the advertisements which the statute, as explained by the court, required, those made by the collector were such advertisements, and were made, and were paid for, and were reasonable and proper in amount.

In *Andrews* v. *United States*, 2 Story, 202, which was a suit

on the bond of a collector of customs, Mr. Justice Story held, that expenditures, by a collector of customs, for office rent, fuel, clerk hire, and stationery were properly to be deemed incidents to the office, and ought, therefore, to be allowed as proper charges against the United States, and as a set-off in the suit. In 'that case, the statute required the collector to keep and transmit accounts of those particular expenditures. The Treasury Department disallowed them, but the court held, that the statute contemplated their allowance, and that the collector had a right to be reimbursed their amount, even though he did not keep or transmit the accounts of them. The view taken was, that, if a claim, though not strictly of a legal nature, was *ex æquo et bono* due to the defendant, for moneys expended on account of, and for the benefit of, the United States, he was entitled to an allowance and compensation therefor, upon the footing of a *quantum meruit*, under § 3 of the act of March 3, 1797, 1 Stat. 514. That statute is now embodied in § 957 of the Revised Statutes, which provides that, in all suits against a person accountable for public moneys, he may show that he is equitably entitled to credits which have been rejected. In *United States* v. *Wilkins*, 6 Wheat., 135, 144, this court said, of § 3 of the act of 1797, that it supposed that "not merely legal but equitable credits ought to be allowed to debtors of the United States, by the proper officers of the Treasury;" that all such credits could be allowed at the trial of the suit; and that a judgment was required for such sum only as the defendant, in equity and justice, should be proved to owe to the United States. This view was affirmed in *Gratiot* v. *United States*, 15 Pet. 336, 370, and in *Watkins* v. *United States*, 9 Wall. 759, 765.

In the present case, the statute required the advertisements to be made, and there is nothing in it which implies that they are to be paid for out of the compensation to be allowed, or that they are not to be reimbursed because they are not named with stationery and blank books, or because "advertising" was first inserted in the act of 1865. In section 115 of the same act of July 1, 1862, 12 Stat. 488, it was provided, that the pay of collectors should be paid out of the accruing inter-

nal duties or taxes, before they were paid into the Treasury, and $500,000 was appropriated "for the purpose of paying" various specified expenses, including "advertising and any other expenses of carrying this act into effect." This advertising was an expense of carrying the act into effect, and was aside from the pay of the collector, and was to be paid out of the Treasury, as an expense. The allowance of it by the accounting officers or otherwise was not a prerequisite to the right of Denison to have it credited to him in this suit. *Campbell* v. *United States*, 107 U. S., 407.

*The judgment of the Circuit Court is affirmed.*