### PEOPLE ex rel. WOOD v. DENTON et al.

(Supreme Court, Appellate Division, Second Department. June 13, 1899.)

SHERIFF OF NASSAU COUNTY—REIMBURSEMENT OF EXPENSES.

Laws 1898, c. 588, § 3, establishing Nassau county, provides that the annual salary of the sheriff shall be a sum not exceeding a certain amount, to be fixed by the supervisors, and that all fees for services shall be covered into the county treasury. Laws 1892, c. 686, § 230 (the "County Law"), makes, as a county charge, all moneys necessarily expended by any officer in executing his duties in cases in which no specific compensation for such services is provided by law. Code Civ. Proc. § 3307, allows a sheriff a mileage fee of six cents in serving process. *Held*, that the sheriff of Nassau county was entitled to be repaid his expenses necessarily incurred in serving process.

Appeal from special term, Nassau county.

Application by the people, on the relation of William H. Wood, as sheriff of Nassau county, against Augustus Denton and others, as supervisors, for mandamus to compel payment of relator's claim for traveling expenses incurred in serving process. From an order denying the application, relator appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George B. Stoddart, for appellant.

Fred Ingraham, for respondents.

CULLEN, J. The relator is the sheriff of the new county of Nassau. In March, 1899, there was placed in his hands process for service in various actions and proceedings, for the execution. of which he received the sum of $45.03 as fees and mileage. In serving such process, he was required to expend, and actually and necessarily did expend, the sum of $7.54 for traveling expenses. He has paid over to the county treasurer of Nassau county the entire amount of $45.03 received by him for fees and mileage as aforesaid, and he has presented to the board of supervisors of the county an itemized statement of his said traveling expenses, duly verified as required by law, and asked that the same be paid. The board of supervisors rejected the claim, on the ground that the relator, being a salaried officer, was not entitled to any allowance whatever for traveling expenses, and this proceeding was instituted to enforce the payment of his claim. The application was denied at special term, and the relator has appealed.

The act of the legislature, by which the county of Nassau was established, provides that the annual salary of the sheriff shall be a sum not exceeding $2,500, to be fixed by the board of supervisors, and that all fees, statutory or otherwise, for recording instruments, making searches, and for rendering any service whatever, of any nature whatsoever, within the scope of the duties and powers of the county officers, shall be covered into the treasury of the county, for the use and benefit of the county, except the fees received by the county treasurer under the excise law. Laws 1898, c. 588, § 3. In the enumeration of county charges contained in the county law, we find the following: "(9) The moneys necessarily expended by any county

officer in executing the duties of his office in cases in which no specific compensation for such services is provided by law." Laws 1892, c. 686, § 230. The board of supervisors of Nassau county fixed the salary of the sheriff at $2,500 per annum. It was the opinion of the learned judge at special term that the legislature intended that the salary of the sheriff should cover the traveling expenses incurred by that officer in executing process placed in his hands for service, and upon this construction of the statute the application of the relator was denied.

We think that this view was erroneous, and that the salary awarded to the relator was intended to be only compensation for his services, and not indemnity for expenditures that he must necessarily make in the discharge of his official duties. The question of what disbursements a public officer, or the servant or agent of a private master or principal, is entitled to have repaid him, depends on the nature and character of the services, and the manner in which the business is carried on. Of course, the relator would not be entitled to repayment of the amounts that he might expend daily in traveling from his home to the county seat, or for his board there. But services to be rendered at a distance necessarily involve expenditure on the part of the sheriff. Section 3307 of the Code of Civil Procedure entitles the sheriff to a fee of six cents a mile going and returning, in the service or execution of an order, mandate, or execution. The individual who receives this service from the sheriff is required to pay this fee, and these fees, in the county of Nassau, are turned over to the county. The fee is given not merely to compensate for the service of the officer, but to cover the expenditure that must necessarily be made in traveling. By subdivision 2 of the same section of the Code, the court is authorized to allow additional compensation to the sheriff for his trouble and expenses in taking possession of and preserving attached property. Under the rule contended for by the respondents, the greater the expense that the sheriff might be put to the better it would be for the county and the more unfortunate for the sheriff; for the county would receive the amount expended by the sheriff, while the sheriff would not be reimbursed at all. The sheriff is also entitled by law to specified fees for conveying prisoners to the state prisons or penitentiaries. Under the decision in this case, the sheriff would have to bear the railway expenses himself. The result of the doctrine would be that the sheriff, instead of receiving a fixed salary or compensation in proportion to his services, would be paid in exactly the reverse ratio; for, if the business of his office was great enough, he might find himself, not only without any actual reward for his work, but absolutely out of pocket. We regard the sheriff's business in the county of Nassau as being substantially carried on for the benefit of the county itself, and, like every other business, there should be charged to it the salaries of the employés and the expenditures necessarily made in the business. In U. S. v. Flanders, 112 U. S. 88, 5 Sup. Ct. 67, the statute allowed a collector of internal revenue $10,000 a year, and full compensation for his services and those of his deputies. The collector was required by law to advertise that duties were due and payable, and also

notices of the sale of articles distrained. It was held that, despite the limitation on the amount of his compensation, he was entitled to credit for the sums expended by him for advertising.

Nor is there any difficulty in the statutory provisions on the subject. By the section of the county law cited, moneys expended by the county officer in executing his duties are a county charge, in cases in which no specific compensation for such services is provided by law. No specific compensation is allowed in this case. The fee which the litigant pays the sheriff is not only to cover the expenditures of the sheriff, but for his services. It is a compensation which is allowed, not between the county and the sheriff, but between the county and the private individual. The county was entitled to all the profit it might receive from litigants for the services of the sheriff, and therefore the sheriff was not entitled to retain the full amount of his mileage, but the expenditure actually made by him in traveling he is entitled to be repaid. The order appealed from should be reversed, with $10 costs and disbursements, and motion granted.

Order reversed, with $10 costs and disbursements, and motion for mandamus granted, with $10 costs. All concur.