(45 Misc. 394)

### DOS PASSOS et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. November 10, 1904.)

1. GREATER NEW YORK—SHERIFFS—POUNDAGE FEES—ENFORCEMENT—EXPENSES —RECOVERY.

   Where the sheriff of New York county expended money in an attempt to recover poundage fees, a recovery thereof could be enforced by the sheriff or his assignees only against the city of New York, whether the liability to the sheriff was that of the county or city.

2. SAME.

   Laws 1890, p. 936, c. 523, Laws 1891, p. 645, c. 315, Laws 1892, p. 868, c. 418, and Laws 1894, p. 959, c. 477, provide that all the fees collected by the sheriff of New York county, and specified in Acts 1890, p. 940, c. 523, § 17, and Code Civ. Proc. § 3307, including poundage fees for the levy of an attachment against property, shall be paid by him monthly into the city treasury, at which time he is also required to transmit to the city comptroller a sworn statement of his account of the fees collected, and upon approval of the account by the comptroller the latter is

required to pay the sheriff one-half of such fees in part payment of his services. *Held* that, since it was the duty of the sheriff to collect poundage fees payable to him, the city was liable for repayment of money necessarily expended by the sheriff in an attempt to collect such fees by legal process.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by John R. Dos Passos and another, assignees of the sheriff of the city and county of New York, to recover the reasonable costs and disbursements incurred by him on appeal in an unsuccessful effort on his part to collect poundage fees alleged to have accrued upon the levy of an attachment against property for payment into the treasury of the city of New York as directed by law. Judgment dismissing complaint. Plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Edward C. Moen, for appellants.

Theodore Connolly and Thomas F. Noonan, for respondent.

BISCHOFF, J. It is to be noted that the claim in suit does not involve any demand for services alleged to have been performed by the plaintiffs' assignor, but is strictly for reimbursement of his reasonable expenses alleged to have been incurred in his efforts to collect certain fees of his office as sheriff of the county of New York, under an imposed statutory duty to collect the same, and to pay such fees into the city treasury. The trial proceeded upon an agreed state of facts, which are as follows: In November, 1902, there was delivered to the plaintiffs' assignor, William J. O'Brien, then sheriff of the city and county of New York, a warrant of attachment against the property of the International Power Company and Joseph H. Hoadley, which was issued in a pending action in the Supreme Court, wherein they were defendants and John F. Plummer was plaintiff. Under this warrant of attachment the sheriff levied upon property valued at $122,492.06. Later the plaintiff in that action consented to the release of the property levied upon, and an order to that effect was made by the court and entered without notice to the sheriff. Thereafter the sheriff applied to the court for a taxation of his poundage fees, and an order was entered taxing the fees at $1,224.92, and directing payment thereof by the plaintiff. From the last-mentioned order the plaintiff appealed, and in December, 1903, it was reversed by the Appellate Division, with $89.07 costs and disbursements against the sheriff. 88 App. Div. 452, 85 N. Y. Supp. 107. Having first duly requested the comptroller of the city to pay the costs and disbursements, and such payment having been refused, the sheriff assigned whatever claim for reimbursement he had, in his official capacity and otherwise, to the plaintiffs, who again presented the claim to the comptroller, in writing, for payment, which was again refused. It was further agreed that there remained a balance of the appropriation duly made for the year ending December 31, 1903, for incidental

expenses for the sheriff's office and county jail, more than sufficient
to pay the claim in full; and no question was raised as to the due
presentment of the claim, the reasonableness of the amount, or the
good faith of the sheriff in seeking to sustain his right to collect
the poundage fees as taxed.

Whether the liability to the sheriff is that of the county or city of
New York, it could be enforced by him or his assignees only against
the city. Matter of Vacheron, 51 App. Div. 182, 64 N. Y. Supp.
503. Obviously, therefore, the sole question which is presented to
us on this appeal from a judgment for the defendant, directing the
dismissal of the complaint, is whether or not the plaintiffs' assignor
was entitled to be reimbursed for the costs and disbursements in-
curred by him in his unsuccessful effort to sustain the order taxing
and directing the payment of his poundage fees.

The duty of the sheriff is to be ascertained from chapter 523, p.
936, of the Laws of 1890, chapter 315, p. 645, of the Laws of 1891,
chapter 418, p. 868, of the Laws of 1892, and chapter 477, p. 959,
of the Laws of 1894. These acts of the Legislature, taken together,
are to the effect that all the fees collected by the sheriff, and speci-
fied in section 17, c. 523, p. 940, of the act of 1890, and section 3307
of the Code of Civil Procedure, including poundage fees for the
levy of an attachment against property, shall be paid by him month-
ly into the city treasury, at which time, also, he is required to trans-
mit to the comptroller of the city a sworn statement of his account
of the fees collected. The duty to pay the fees to the city neces-
sarily carries with it the duty to collect them. Upon approval of
the sheriff's account by the comptroller, the latter is required to
pay the former his proportion of such fees—one-half—which the
sheriff is to receive in part payment for his services. Nowhere is
it prescribed that his salary or proportion of the fees collected and
paid into the city treasury is also to cover the reasonable expenses
incurred by him in the performance of his duties. Quite to the
contrary. It is expressly provided that he shall receive a salary of
$12,000 per annum, and one-half of the fees of his office, "in full
for services and duties" only. The duty to collect and account for
his fees to the city necessarily carries with it the implied promise
of the city to reimburse the sheriff for the reasonable expenses in-
curred by him in the collection of the city's revenue, and it was so
ruled in People ex rel. Wood v. Denton, 41 App. Div. 386, 58 N. Y.
Supp. 722. In the case alluded to, the sheriff of Nassau county was
held to be entitled to recover from the county his actual traveling
expenses incurred in the performance of his official duties, which,
among other things, required him to collect a mileage of six cents
per mile, and to pay the same, when received, into the county treas-
ury. That case, also, is authority for the plaintiff's contention that,
in the sheriff's efforts to collect his fees for payment to the city, he
was acting as the agent of the city; that he was for the time being
engaged in the city's business of collecting its revenue; and that
the sheriff's act was the city's act. True, it was not specifically
ruled that the constitutional provision against the liability of the
county for the sheriff's acts (Const. N. Y. art. 10, § 1) did not apply,

but we are to assume that the court did not overlook the provision alluded to, and the direction certainly is to the effect stated.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.   All concur.