STATE ex rel. LEWIS B. TEBBETTS, Appellant,
v. CHARLES W. HOLTCAMP, Judge, et al.,
Respondents.

**St. Louis Court of Appeals. Argued and Submitted November 15, 1912. Opinion Filed December 3, 1912.**

GUARDIAN AND WARD: Testamentary Guardian: Failure to Give
Bond: Failure to Give Statutory Notice: Jurisdiction to Appoint Statutory Guardian: Probate Courts. In view of the provisions of Sec. 424, R. S. 1909, fixing the amount of a curator's bond at double the value of the estate, the giving or tendering of a bond by a testamentary guardian of the person of an infant is not a condition precedent to his right to assume such guardianship, where the infant has no estate; but his notification of the probate court of his acceptance of the guardianship, within six months after the probate of the will, as provided by Sec. 409, R. S. 1909, is a condition precedent, and the failure to give such notice clothes the probate court with jurisdiction to appoint a statutory guardian, as authorized by the statute, and the fact that the testamentary guardian qualified as executor of the will and assumed the duties of guardian for some years would not dispense with the necessity of giving notice nor deprive the probate court of jurisdiction to appoint a statutory guardian.

Appeal from St. Louis City Court.—*Hon. William M. Kinsey*, Judge.

AFFIRMED.

*J. D. Johnson* and *Loomis C. Johnson* for appellant.

(1) (a) The provisions of the statutes, insofar as they relate to the time in which bond shall be given by testamentary guardians, are directory merely and not mandatory. Secs. 408, 409, R. S. 1909; State ex rel. v. Lafayette Co. Ct., 41 Mo. 554; State ex rel. v. Churchill, 41 Mo. 43; State ex rel. v. Howard Co. Ct., 41 Mo. 252; State ex rel. v. Texas Co. Ct., 44 Mo. 230. (b) If the statute (sec. 409) is to be construed to

provide that the testamentary guardian shall notify the probate court of his acceptance of the testamentary guardianship within six months, then the same principle applies, and such provision is directory merely. Sec. 409, R. S. 1909. (2) (a) If the reason for a law fails, the law itself does not apply (*cessante ratio, cessat ipsa lex*). Russell v. Russell, 122 Mo. 238; Schultz v. Sutter, 3 Mo. App. 141; Costigan v. Tr. Co., 38 Mo. App. 225; Boyle v. Railroad, 21 Mo. App. 425; Smelting Co. v. Stevenson, 4 L. R. A. 62. (b) The requirement as to the giving of bond by the testamentary guardian is for the purpose of protecting the estate of the ward, coming in the hands of the guardian. Sec. 424, R. S. 1909; State ex rel. v. Tittman, 134 Mo. 162; State ex rel. v. Bolte, 72 Mo. 272; State ex rel. v. Weaver, 92 Mo. 673. Hence if, as here, the guardian is possessed of no property belonging to the ward then there can be no property interest to be protected by a bond, and the reason for the application of the statute being absent the statute does not apply. Cases cited under point 1(a). (c) The statutes provide that the guardian shall give bond in twice the amount of the ward's estate coming into his hands. Secs. 408 and 424, R. S. 1909. Applying these statutes to the case presented at bar, Tebbetts, the testamentary guardian, could have been required to give bond only for twice the amount of nothing or nothing—an absurdity. Neither the courts nor the law require the doing of an absurd, a needless or useless act. Lumber Co. v. Knight, 157 Mo. 379.

*Frank X. Hiemenz* for respondents.

(1) Probate courts have exclusive jurisdiction over the appointment of guardians of minors; our Constitution does not establish, but provides for, probate courts in each county and fixes a jurisdiction which cannot be taken away by the Legislature, hence

probate courts possess general jurisdiction over particular subjects. Constitution, sec. 34, art. 6. (2) Every testamentary guardian must qualify under the statutes; failing so to do, the probate court may appoint another. Secs. 408 and 409, R. S. 1909; Woerner on Guardianship, 58; Davidson v. Koehler, 76 Ind. 417; Wadsworth v. Connell, 104 Ill. 375. (3) The right to a testamentary guardian must be claimed within six months from the probate of the will or it is lost. Woerner on Guardianship, 58. (4) All guardians must give bond before entering upon the duties of their office and guardians of the estate must give bond in double the amount the value of the estate. Sec. 424, R. S. 1909.

REYNOLDS, P. J.—This case comes to us on appeal from the action of the circuit court of the city of St. Louis in refusing, on a writ of *certiorari* issued out of that court and directed to the probate court of the city of St. Louis, to disturb the action of the latter court in connection with the appointment of one Rebecca Rickart, as guardian of the persons of minor children of one Ellen M. Breck, deceased. At the conclusion of the hearing of the cause before the honorable circuit court and in support of his finding and judgment affirming the judgment of the probate court, the learned circuit judge handed down a memorandum in writing, setting out his view of the facts and the law.

A motion for new trial having been filed and argued, it was overruled. In overruling it the court handed down a further memorandum setting out the grounds of his action and his reasons for overruling the motion. As these memoranda place the matters in issue very concisely, and as, on consideration of the cause, we have arrived at the same conclusion as that of the learned circuit judge, we can do no better than

reproduce here the memoranda above referred to, prefacing them with this statement:

It appears . that the relator Tebbetts, having heard, in September, 1911, that Mrs. Rickart intended to apply to the probate court for letters of guardianship of the persons of the minor children, on September 6, 1911, made application to that court for letters, tendering bond. On that day, and about thirty minutes after filing of this application, Mrs. Rickart presented her application for like appointment. In his application for letters of guardianship presented to the probate court, the relator represents that he is a resident of the city of St. Louis and the grandfather of the three children named, giving their ages; that they reside in the city of St. Louis; that they own no property and that under the terms of the will of Mrs. Breck, which had been duly probated, he was nominated and appointed guardian of the minors, "wherefore he prays that he may be appointed guardian of the persons of said minor in accordance with said last will of Ellen M. Breck, mother of said minors, not having been adjudged unfit for the duties of guardianship of said minors, the other lawful parent of said minors being dead at the time, and the applicant hereby notifies the probate court or judge thereof in vacation of his acceptance of the guardianship." This is sworn to by the relator. In his petition for the writ of *certiorari*, the relator sets out that he had filed this application in the probate court in consequence of having learned that Mrs. Rebecca Rickart and her husband intended filing an application there for the appointment of Mrs. Rickart as such guardian, and that while he contended that under the provisions of the will and in view of the fact that he had on the death of their mother and ever since then had charge of the minors, he thought it was unnecessary for him · to make the application, yet that he had made it out of abundant

caution and in view of the action of Mrs. Rickart and her husband.

The probate judge declined to appoint the relator as such guardian and to the contrary appointed Mrs. Rickart. It is on this record of the action in the probate court that the writ of *certiorari* was sued out. Other facts necessary to an understanding of the case appearing in the memoranda of the circuit judge above referred to, render it unnecessary to make any fuller statement of them.

The memorandum handed down along with the finding and judgment affirming the judgment of the probate court is as follows:

"The only question for decision in this case is: Did the probate court of the city of St. Louis, on September 6, 1911, have power or jurisdiction to appoint a statutory guardian of the persons of Louis Tebbetts Breck, Letitia Breck and Barbara Breck, minors? Or, to put the proposition in another way, was that court on that day bound to recognize the appointment of the relator as testamentary guardian of said minors under the will of their mother, Ella M. Breck, and to permit him to qualify as such guardian?

"We are not concerned in this case with the appointment of Lloyd H. Rickart as curator of the estates of said minors nor, assuming that the probate probate court had power to appoint a statutory guardian of the persons of said minors, are we concerned with the propriety of the action of that court in appointing Rebecca Rickart as such guardian.

"Under section 34, article 6, of the Constitution, and article 4, chapter 35, R. S. 1909, probate courts are given exclusive jurisdiction over the appointment of statutory guardians of the person and curators of the estates of minors.

"Section 408, R. S. 1909, provides that the lawful parent of any minor not having been adjudged unfit for the duties of guardianship, may, when the other

lawful parent is dead, and only in such cases, by will, appoint a guardian of the person of such minor, who, if he accept shall give bond and security, and be in all things upon the same footing as guardians appointed by the court or chosen by the minor, except that the minor shall not be allowed to choose any other guardian upon arriving at the age of fourteen years, unless the testamentary guardian decline to serve longer, and notify the court thereof, or his appointment be revoked.

"Section 409 provides:

" 'If any testamentary guardian shall fail to notify the probate court, or the judge thereof in vacation, of his acceptance of the guardianship, and give bond and security within six months after the probate of the will, the court, or judge in vacation, may appoint a guardian, as if no appointment had been made by the testator.'

"On December 15, 1905, Ella M. Breck, the mother of the above minors, died, leaving a will. At that time, the father of said minors was also dead.

"The testatrix was, at the time of her death, a resident of the city of St. Louis, Missouri, and prior thereto had the care and custody of said minors.

"On the 16th day of January, 1906, her will was duly probated in the probate court of the city of St. Louis, Missouri.

"The relator and one Arthur P. DeCamp were named as executors in the will; they were also made trustees of the estate of the testatrix, with power, as such trustees, to use the income, and if necessary, a part of the *corpus*, for the support, education and maintenance of said minors.

"By the second clause of said will the testatrix provides as follows:

" 'I nominate and appoint my father, L. B. Tebbetts, guardian of my said children, and hereby confer upon him all of the rights, powers and authority which

a testamentary guardian is entitled to exercise under the laws of the State of Missouri. Should he fail to qualify and act as such guardian, or should he, for any cause, cease to act as such guardian after qualifying as such, I nominate and appoint my brother-in-law, Arthur P. DeCamp, guardian of my said children.'

"This guardianship was clearly that of the person and not of the estate.

"On the same day that said will was admitted to probate, the executors therein named were, upon their petition, granted letters testamentary upon the estate of the testatrix without bond and proceeded to administer thereon, and presented their final settlement on December 6, 1910, and were discharged as such executors on the 14th day of December, 1910.

"It appears from the record certified from the probate court that the relator assumed the duties of guardian of the persons of said minors immediately after the death of their mother, in December, 1905, and was still acting as such guardian on September 6, 1911; but at no time between those dates did he notify the probate court or the judge thereof of his acceptance of such guardianship unless his qualification as executor of the estate can be regarded as such notice, nor did he at any time between those dates give or offer to give a bond and security.

"During the period between those two deaths, the relator and his coexecutor, acting as trustees under said will, appropriated and used out of the estate of the testatrix something over $6600 for the support, education and maintenance of said minors.

"The controlling question in this case is: When, if ever, did the power or jurisdiction of the probate court attach, so as to warrant it in appointing a statutory guardian of the persons of said minors?

"We must rely upon clause 3 of the will quoted above and sections 408 and 409, Revised Statutes 1909, for the solution of this question.

"It is entirely clear from reading clause 2 of the will that the testatrix had in mind the provisions of the statute relating to the appointment and qualification of a testamentary guardian.

"Sections 408 and 409 relate solely to the appointment of testamentary guardians of the persons of minors, and to their acceptance and qualification. They are required by section 409 to notify the probate court or the judge thereof of their acceptance, and to give bond and security within six months after the probate of the will, otherwise, the court or judge in vacation may appoint a statutory guardian, as if no appointment had been made by will.

"It is claimed that qualification as executor under the will was a substantial compliance with the requirement to give notice, and that the performance of the duties of guardian was in fact an acceptance of the guardianship and it is argued that giving the bond and security was not required, because, as guardian only of the person, the relator could not come into possession of the estates.

"In considering when the power or jurisdiction of the probate court to appoint a statutory guardian attached, the court cannot lend its assent to this proposition. It is the settled law of this State that within six months following the probate of a will, the probate court has not power to appoint a statutory guardian, unless the testamentary guardian has first refused to act, or, if acting, had been removed for cause.

"By the express terms of the statute, however, if the testamentary guardian fails to give notice, and fails to give bond and security within six months, then the probate court or the judge thereof may act; in other words, its jurisdiction attaches.

"The relator did not formally notify the probate court of his acceptance, nor did he offer to give bond and security as provided by the statute for more than five years after the probate of the will. He now claims

that his act of qualifying as executor on the date of the probate of the will and his assumption of the duties of guardian during all this period held the jurisdiction of the probate court in abeyance.

"To sustain this contention would mean to determine a question of jurisdiction not by a definite and fixed rule of law, but by the act of the relator.

"Both under the provisions of the will and the statute, the testamentary appointment of the relator as guardian was intended to and did cease upon his failure to comply with the express terms of the statute within six months after the probate of the will, and jurisdiction to appoint the statutory guardian then attached.

"The cases cited in the relator's brief holding that the statutory provision requiring certain elective officers to give bond within a fixed number of days after their election is directory only and that a bond given or tendered after the time fixed by statute is sufficient, do not seem to be controlling in this case. Those cases hold that the giving of an official bond is not a condition precedent to title to an office. But they do not hold that the giving of an official bond is not a condition precedent to assuming and performing the duties of the office.

"It has been held that the title of a testamentary guardian of the person, to his office, relates back to the time of the probate of the will, and I apprehend he may possibly assume the duties of such a guardian immediately upon the probate of the will; but he certainly cannot continue the performance of these duties for a longer period than six months, without qualifying in the manner provided by statute."

The memorandum handed down in connection with the action of the circuit court in overruling the motion for new trial is as follows:

"The court must again remind counsel that the only question for decision in this proceeding is, did

the probate court have power or jurisdiction to appoint any other person than the relator, guardian of the persons of the Breck children, on September 6, 1911? If such power was then lodged in the probate court, this court cannot, in this proceeding, either review or annul the action of the probate court, however much it might regard that action as being unwise, in view of all the facts then before it, nor is there any other question which arises upon the record now before this court the subject of review. I refer to the action of the probate court in appointing a curator of the property and estates of said minors. If it was the purpose of the probate court to have the curator appointed by it, or is the purpose of such curator, to take over the property and estate of said minors now vested in Tebbetts and DeCamp, as trustees, under the will of Ellen, M. Breck, then a question will arise which is not now before this court, and which ought not, therefore, to be discussed.

"Counsel for relator in their brief supporting the motion for rehearing and in arrest of judgment quote an excerpt from a former memorandum filed in this case, which excerpt reads as follows:

" 'Those cases hold that the giving of an official bond is not a condition precedent to title to an office. But they do not hold that the giving of an official bond is not a condition precedent to assuming and performing the duties of the office.'

"It is then shown that this statement is not in accord with the law as laid down by the Supreme Court of the United States in United States v. Bradley, 10 Peters 343; United States v. Flanders, 112 U. S. 88; United States v. Linn, 40 U. S. 290, l. c. 313; also the case of United States v. Eaton, 169 U. S. 331.

"It is also argued that the Missouri cases cited which are reported in 41 Mo., State ex rel. Adamson v. Lafayette Co. Ct., 545, l. c. 554; State ex rel. Att'y Gen'l v. Churchill, 41, l. c. 43; State ex rel. Jackson

v. Howard Co. Ct., 247, l. c. 252, adopt a like rule. It is sufficient to say, first, that no such question was before the Supreme Court of this State in the cases reported in 41 Mo.; and, second, that they do not expressly so hold. The language used by this court which is quoted in the relator's brief rests upon the authority of the statute. Section 424, Revised Statutes 1909, provides that 'all guardians and curators appointed by the court, or judge in vacation, or chosen by the minors under the sanction of the court, or judge in vacation, shall,' among other things, 'before entering on the duties of their office, give bond, with two or more sureties, . . . to be approved by the court or judge in vacation.' Section 408, which relates to the appointment of testamentary guardians of the persons of minors says, among other things, such guardian, 'if he accept, shall give bond and security, and be in all things upon the same footing as guardians appointed by the court or chosen by the minor, except that the minor shall not be allowed to choose another guardian upon arriving at the age of fourteen years.'

"The policy of the law of this State in respect to such matters is further illustrated by section 20, which provides that where one or more persons are appointed co-executors none shall have authority to act as such, or intermeddle, except those who give bond, unless, of course, the executors named in the will are permitted by the terms thereof to act without bond.

"Turning to chapter 109, relating to sheriffs and their deputies, we find that section 11,202 requires every sheriff within fifteen days after he receives the certificate of his election or appointment, to give bond to the State. Section 11,206 provides that every sheriff shall, before entering upon the duties of his office cause his certificate of election or appointment with the oath of office indorsed thereon, and his official bond with the approval indorsed thereon, to be re-

corded at his own expense in the office of the recorder of the county. Section 11,206 quoted above is identical with section 7, chapter 25 of the Revised Statutes of 1865, and was in force when the cases reported and quoted in 41 Mo. were decided.

"In view of the statute of 1865 referred to above, it is clear that the Supreme Court did not and could not have decided that the giving of an official bond of the sheriff was not a condition precedent to entering upon the duties of his office. The right of a testamentary guardian to assume control of a minor entrusted to his care is somewhat analogous to the preferential right of the next of kin to administer upon the estate of the ancestor, as provided by section 15 of the statute. If the persons referred to in section 15 fail to qualify within thirty days, section 16 provides that a citation may be issued requiring them to appear and qualify, and if, after being cited, they fail to administer, then the court may appoint some one who has no preferential right. The preferential right given to the next of kin to administer is derived from the law and not from appointment by the court, just as the prefenential right of a testamentary guardian is derived from the will, and not from appointment by the court.

"In the latter case, however, the law does not require a citation to be issued to a testamentary guardian who has failed to qualify within six months, before the court is warranted in appointing another in his stead.

"As stated in the former memorandum, the relator had before him the will under which he assumed to act, which by its very terms conferred upon him all of the right, power and authority which a testamentary guardian is entitled to exercise under the laws of the State of Missouri, and which further provided that in case he should fail to qualify and act as such guardian, then another should act in his stead.

Neither the relator nor his alternate, Mr. DeCamp, ever undertook to qualify under the statute, either within six months, or within more than five years after the probating of the will.''

We believe that the learned trial judge, in this last memorandum has noticed most of the cases urged upon us by counsel, so that it is unnecessary for us to go into them any more fully than is here done.

We concur in the conclusion arrived at. by the learned circuit judge and in most of the reasoning by which he has reached that conclusion. We are not to be held, however, as deciding that it is necessary, or jurisdictional, in all cases, that a bond should be given or tendered. The statute (R. S. 1909, sec. 424) in requiring a bond from a guardian, fixes its amount at ''double the value of such estate.'' If there is no estate, there is no necessity for tendering or giving bond. But under section 409 he must notify the probate court of his acceptance of the guardianship within six months.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.*, concur.